## STONE et al. v. HOUGHTON.†

(Court of Civil Appeals of Texas. Feb. 4, 1911. Rehearing Denied March 4, 1911.)

1. DEEDS (§ 211*)—VALIDITY—EVIDENCE.

In a suit to cancel a deed on the ground of fraudulent representations, evidence held insufficient to warrant a judgment for plaintiff.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 637–649; Dec. Dig. § 211;* Cancellation of Instruments, Cent. Dig. § 102.]

2. APPEAL AND ERROR (§§ 518, 520*)—RECORD—CONTENTS.

The overruling of a motion for a continuance and the overruling of exceptions to the answer cannot be reviewed on appeal, where the record contains no bill of exceptions or other

legal showing that the orders complained of were made.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2342–2366; Dec. Dig. §§ 518, 520.*]

3. APPEAL AND ERROR (§ 500*)—RECORD—REVIEW.

Assignments of error as to the admission and exclusion of evidence cannot be reviewed, where there are no bills of exceptions showing such rulings.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295–2298; Dec. Dig. § 500.*]

Appeal from District Court, Crosby County; Jo. A. P. Dickson, Judge.

Action by John Stone and another against T. F. Houghton. From a judgment in favor of defendant, plaintiffs appeal. Affirmed.

J. W. Burton and Lloyd A. Wicks, for appellants. Randolph & Randolph and Graham & Dalton, for appellee.

DUNKLIN, J. [1] John Stone and wife instituted this suit to cancel a deed to a section of land executed by them in favor of T. F. Houghton. In effect, they alleged that appellee, a lawyer, represented to them that the title to the land was vested in the heirs of Elizabeth Moran, deceased, the patentee; that appellee had received a communication from one claiming to be an attorney representing those heirs threatening to assert title, together with an affidavit purporting to show that those persons were the heirs of the patentee, and further alleging that appellee represented to plaintiffs that they were in immediate danger of losing the land, together with all the improvements placed thereon by them. It was further averred in the petition that plaintiffs were old, that they became greatly alarmed by reason of said representations, and requested appellee to advise them what course to pursue to protect their interests. Thereafter, according to the allegations in the petition, appellee proposed that, if appellants would execute a deed to the land in favor of those heirs, he in their behalf would pay a consideration of $2,500 by way of compromise. It was alleged that this proposition was accepted by appellants, who, believing the representations to be true and relying thereon, executed a deed to the land in favor of appellee; that the representations so made were false; that he did not in fact represent any of the heirs of Elizabeth Moran; and that the misrepresentations were resorted to as a device to defraud appellants. In their petition appellants offered to return to appellee the $2,500 which they had received from him in consideration for the deed.

Upon the trial plaintiffs introduced testimony showing that the representations alleged in their petition were, in fact, made by appellee. It was also shown by them that pending the negotiations with appellee they employed another attorney, who conferred with appellee concerning the correspondence he had received, and, after so doing, advised appellants to execute the deed. Appellants introduced no testimony to show title in themselves, nor was there any direct testimony to show that they were in possession of the land at the time the deed was executed. It would seem from the testimony that the suit was tried upon the assumption by the parties that appellants were in possession of the land and that their claim of title rested upon a tax deed, but the date of such deed, whether or not it was ever recorded, and how long appellants had been in possession of the land, does not appear, even inferentially, from any evidence contained in the record.

Appellee introduced in evidence the patent to the land in favor of Elizabeth Moran, also an affidavit purporting to show that certain parties named in the affidavit were the heirs of Elizabeth Moran, also letters purporting to have been written to appellee by a person claiming to be an attorney and to have authority to represent those heirs. These letters, together with the affidavit, are essentially the same documents as appellee represented to appellants he had received. However, there was no proof that they were fictitious, or that the facts, which the documents purported to show, were false, and that appellee did not in good faith believe that they were genuine.

[2] Appellants complain of the action of the court in overruling their motion for continuance and in overruling their exceptions to defendant's answer, but these assignments are without merit, for the reason that the record contains no bill of exceptions nor any other legal showing that the court made the orders of which complaint is made.

[3] Several other assignments are contained in the record, some of which complain of the admission of certain testimony to which objection was made by appellants and of the refusal to admit other testimony offered by them, but, as there are no bills of exception showing these rulings, these assignments must be overruled.

The trial court gave a peremptory instruction in favor of appellee, and this ruling is made the basis of appellants' seventh assignment of error. As shown above, there is an entire failure to sustain by evidence the allegations of misrepresentations inducing appellants to execute the deed, and, as it was incumbent upon appellants to sustain those allegations by proof as a condition to a recovery, there was no error in giving the instruction.

We have found no error in the record, and the judgment is affirmed.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes